IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL NELSON, | : | No. 4:09-CV-0492 |
| Petitioner | : | |
| | : | Judge Jones |
| v. | : | |
| | : | Magistrate Judge Smyser |
| B.A. BLEDSOE, | : | |
| Respondent | : | |

## MEMORANDUM

July 6, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 7) which recommends that Samuel Nelson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be denied. No objections to the R&R have been filed.[1]

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error

---

[1] Objections were due on or before June 5, 2009. To this date, none have been filed.

1

on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court").

As noted above, no objections to the R&R have been filed. Because the Court agrees with the sound reasoning of the Magistrate Judge, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, the Court will not rehash the reasoning of the Magistrate Judge. Rather, we attach a copy of the R&R, as it accurately reflects our consideration and resolution of the matter. An appropriate order will be entered.

*Obj due by 6/5/09*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL NELSON, | : | **CIVIL NO. 4:09-CV-0492** |
| Petitioner | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| B.A. BLEDSOE, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On March 17, 2009, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is challenging a conviction from the United States District Court for the District of Maryland. We conclude that the petitioner may not challenge his conviction by way of a 28 U.S.C. § 2241 habeas petition.

The petitioner pled guilty in the United States District Court for the District of Maryland to conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. *Doc. 5-2* at 2. The petitioner's plea agreement included a waiver of the right to

appeal from his conviction and sentence. *Doc. 1* at 49. The petitioner was sentenced to sixty months imprisonment, four years of supervised release and a one hundred dollar assessment. *Doc. 5-2* at 3-6.

The petitioner did not file a direct appeal or a motion pursuant to 28 U.S.C. § 2255. Rather, the petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241. The petitioner claims that the indictment in his case was defective and constructively amended in violation of the Fifth Amendment to the United States Constitution.

We conclude that the petitioner may not present the claims that he is raising in this case in a 28 U.S.C. § 2241 habeas petition.

> 28 U.S.C. § 2255 provides:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the

> court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The types of claims that the petitioner is raising in this case are the types of claims that should be brought by way of a § 2255 motion in the district court of conviction.

To be able to bring a § 2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the

3

administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra,* 437 F.2d at 1165 (quoting *Leguillou, supra,* 212 F.2d at 684).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions. Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

4

>  (2) a new rule of constitutional law, made
>  retroactive to cases on collateral review by the
>  Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant

"actively employed the firearm during and in relation to the predicate crime." After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id.* at 248. The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id.* at 251. However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied

    retroactively - is hardly likely to undermine the
    gatekeeping provisions of § 2255.

119 F.3d at 251.

The petitioner contends that he is actually innocent and that, therefore, he may bring his claims in a 28 U.S.C. § 2241 petition. However, not all claims of actual innocence may be brought by way of a § 2241 petition. The petitioners in *Dorsainvil* and similar cases were allowed to present their claims that they were imprisoned for conduct that the Supreme Court had determined is not illegal (actual innocence claim) in a § 2241 petition because they did not have an opportunity to raise their claim in a § 2255 motion since they had filed a § 2255 motion prior to the *Bailey* decision and did not meet the requirement for filing a second § 2255 motion after *Bailey*. It was the fact that the petitioners in *Dorsainvil* and other similar cases did not have an opportunity to raise their claims of actual innocence that led the courts in those cases to allow 28 U.S.C. § 2241 petitions. *Abdullah v. Hedrick*, 392 F.3d 957, 960 (8th Cir. 2004)(analyzing *Dorsainvil* and other similar cases and stating that courts have "limited the use of § 2241 petitions to cases in which the petitioner asserts a claim of

actual innocence and never had an unobstructed procedural opportunity to raise the claim.").

In the instant case, the petitioner is not in a position similar to the petitioner in *Dorsainvil*. Absent the waiver of his right to appeal his conviction and sentence contained in his plea agreement, the petitioner could have raised his claims in a direct appeal. Moreover, the petitioner could have raised his claims in a 28 U.S.C. § 2255 motion. The fact that the petitioner waived his right to appeal and did not file a § 2255 motion does not render § 2255 inadequate or ineffective. The petitioner may not present his claims challenging his conviction in a 28 U.S.C. § 2241 habeas petition.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice to any right the petitioner may have to file a 28

U.S.C. § 2255 motion in the United States District Court for the District of Maryland.[1]

/s/ **J. Andrew Smyser**
J. Andrew Smyser
Magistrate Judge

Dated:  May 18, 2009.

---

[1] Given the one-year statute of limitations applicable to § 2255 motions, see 28 U.S.C. § 2255(f), if the petitioner intends to file a § 2255 motion in the United States District Court of the District of Maryland he should do so without delay.